UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HENRY RODRIGUEZ-DIAZ,

      Petitioner,

    v.

SECRETARY KRISTI NOEM,
ATTORNEY GENERAL PAMELA
BONDI, SHERIFF DAVID
HARDIN,

      Respondents.

Case No. 2:26-cv-473-KCD-DNF

## ORDER

Petitioner Henry Rodriguez-Diaz has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that his continued detention contravenes the Fifth Amendment. (*Id.* at 1.)[2] Respondents oppose the petition. (Doc. 6.) For the reasons below, the petition is **DENIED**.

### I. Background

Rodriguez-Diaz is a Cuban citizen who entered the United States in 2022. (Doc. 1 at 3.) Last year, he was taken into immigration custody by ICE, served with a notice to appear, and placed in removal proceedings. (Doc. 6-1

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The Petition is not paginated, so the Court uses the page numbers generated by the CM/ECF system.

at 4.) In January, an immigration judge ordered him removed to Guatemala. (Doc. 6-2 at 3.) That order was not appealed and became administratively final on February 25, 2026. *See* 8 C.F.R. § 1241.1(c); *see also* 8 U.S.C. § 1231(a)(1)(B)(i). Around that time, Rodriguez-Diaz filed this petition for writ of habeas corpus. (Doc. 1.) He argues that his removal to Cuba is not reasonably foreseeable, so his continued imprisonment violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The analysis begins with a jurisdictional issue. Respondents argue that 8 U.S.C. § 1252(g) strips this Court of jurisdiction to even hear Rodriguez-Diaz's plea because it arises from the "execution" of a removal order. (Doc. 6

2

at 3.) We need not spend long here. The Supreme Court has repeatedly cautioned that § 1252(g) is narrowly tailored to three discrete actions, and it does not operate as a blanket ban on habeas review for prolonged detention. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018). Indeed, if the Government's sweeping interpretation were correct, *Zadvydas*—the seminal case where the Supreme Court held it could consider a habeas challenge to unlawful, prolonged immigration detention—would have been stopped in its tracks before ever reaching the merits. The Court is satisfied it has jurisdiction to decide whether Rodriguez-Diaz's detention is lawful. *Zadvydas*, 533 U.S. at 688 (citing § 1252(g) yet concluding "that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention").

Next up is the so-called "zipper clause," which "bars review of claims arising from 'action[s]' or 'proceeding[s] brought to remove an alien.'" *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quoting 8 U.S.C. § 1252(b)(9)). This discussion can also be short. The Eleventh Circuit has held "that the zipper clause only affects cases that involve[] review of an order of removal." *Canal A Media Holding, LLC v. United States Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020). Rodriguez-Diaz is not challenging a removal order. So "the Government's reliance on § 1252(b)(9) is

3

misplaced." *Fernandez-Garcia v. U.S. Att'y Gen.*, No. 1-20-CV-23599-UU, 2021 WL 8821923, at *5 (S.D. Fla. Apr. 15, 2021).

That leaves the merits. The statutory framework works like this: when a noncitizen's removal order becomes final, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 659. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good

4

reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Rodriguez-Diaz's petition is premature because he has not been detained for longer than six months since his removal order became final. Seemingly recognizing this, his petition jumps to the burden-shifting framework, arguing that his removal to Cuba is not likely in the foreseeable future. (Doc. 1 at 2.) This argument fails for at least two reasons. First, until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months"). And second, the immigration judge ordered Rodriguez-Diaz removed to *Guatemala*, not Cuba. (Doc. 6-2 at 3.) He offers no argument that his removal to Guatemala will not happen in the reasonably foreseeable future.

Rodriguez-Diaz's due process claim under *Zadvydas* is not yet ripe, so the habeas petition is denied without prejudice to Rodriguez-Diaz refiling a new petition should his current detention exceed the six-month mark, and he

can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future.[3] The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

      **ORDERED** in Fort Myers, Florida on March 18, 2026.

Kyle C. Dudek
United States District Judge

---

[3] The opening paragraph of the petition mentions a bond hearing, but the rest of the pleading is silent on this issue. There is no argument for a bond hearing, and the prayer for relief does not request one. (Doc. 1 at 1, 3.) Thus, the Court makes no holding about whether Rodriguez-Diaz is entitled to a bond hearing. *See Monroe Cnty. Employees' Ret. Sys. v. S. Co.*, 333 F. Supp. 3d 1315, 1322 (N.D. Ga. 2018) ("It is not the role of the Court to make arguments for the parties but to consider and decide the specific arguments made by the[m].").